1    ROB BONTA
     Attorney General of California
2    EMILIO VARANINI
     Supervising Deputy Attorney General
3    JUSTIN J. LOWE
     Deputy Attorney General
4    State Bar No. 223847
     DAVID HOUSKA
5    Deputy Attorney General
     State Bar No. 295918
6
     455 Golden Gate Avenue, Suite 11000
7    San Francisco, CA  94102-7004
     Telephone:  (415) 510-3837
8    Fax:  (415) 703-5480
     E-mail:  Justin.Lowe@doj.ca.gov
9    *Attorneys for Plaintiff*

10                     IN THE UNITED STATES DISTRICT COURT

11                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13

14   | **STATE OF CALIFORNIA,** | Case No. 3:21-cv-07331 |
15   | | |
     | PLAINTIFF, | **COMPLAINT FOR EQUITABLE** |
16   | | **RELIEF FOR VIOLATIONS OF THE** |
     | v. | **SHERMAN ACT, CLAYTON ACT, AND** |
17   | | **SUPPLEMENTAL STATE CLAIMS** |
18   | **PROVIDENCE GROUP, INC., a California** | |
     | **Corporation, SUITABLE ACQUISITION** | |
19   | **COMPANY, LLC, a Delaware Limited** | |
     | **Liability Company and a direct wholly-** | |
20   | **owned subsidiary of Providence Group,** | |
     | **Inc., BAY BRIDGE CAPITAL PARTNERS,** | |
21   | **LLC, a Delaware Limited Liability** | |
     | **Company, GI PLUM FUND B BLOCKER** | |
22   | **LLC, a Delaware Limited Liability** | |
     | **Company, GI PLUM FUND B AIV LP, a** | |
23   | **Delaware Limited Partnership, GI GP IV** | |
     | **L.P., a Delaware Limited Partnership, GI** | |
24   | **PLUM HOLDINGS LLC, a Delaware** | |
     | **Limited Liability Company, NEW SISU** | |
25   | **HOLDCO, LLC, a Delaware Limited** | |
     | **Liability Company, and GI PARTNERS** | |
26   | **ACQUISITIONS LLC,** | |
27   | DEFENDANTS. | |
28

Plaintiff, State of California, on its own behalf and as *parens patriae* on behalf of its citizens, by and through its Attorney General, Rob Bonta, brings this civil action to obtain equitable and other relief against the Defendants named herein for violations of the antitrust laws of the United States and of the unfair competition laws of the State of California, and complains and alleges as follows:

I.

JURISDICTION AND VENUE

1. This complaint is filed and this action is instituted under Section 16 of the Clayton Act (15 U.S.C. § 26) to prevent and restrain the violation by Defendants, as hereinafter alleged, of Section 7 of the Clayton Act (15 U.S.C. § 18). This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1337.

2. This complaint is filed and the action is also instituted under Section 1 of the Sherman Act (15 U.S.C. § 1) to prevent and restrain the violation by Defendants, as hereinafter alleged, of Section 1 of the Sherman Act. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1337.

3. This court has supplemental jurisdiction over the claims of Plaintiff arising out of the California Unfair Competition Act, California Bus. & Prof. Code § 17200 *et seq*. The California Attorney General has jurisdiction to bring such claims pursuant to California Bus. & Prof. Code §§ 17204.

4. Venue is proper in the Northern District of California under Section 12 of the Clayton Act, 15 U.S.C. § 22, and under 28 U.S.C. § 1391(b) inasmuch as at least one of the Defendants either transacts business, maintains an office, has an agent or is found within this district. Each Defendant is within the jurisdiction of this court for service of this complaint.

5. The violations alleged herein have a substantial effect on interstate commerce. Defendants operate in multiple states, including California. Their skilled nursing facilities utilize a substantial volume of goods that flow across interstate lines, including but not limited to medical supplies, and medications.

II.

PLAINTIFF

6.     The Attorney General of the State of California is the chief law enforcement officer of the state and as such is empowered to bring this suit on behalf of the state and on behalf of its general economy and natural persons residing in the state.

III.

DEFENDANTS

7.     Defendant Providence Group, Inc. ("Providence"), is a corporation organized, existing, and doing business under and by virtue of the laws of the State of California, with its office and principal place of business located at 140 N. Union Ave., Suite 320, Farmington, Utah 84025.

8.     Defendant Suitable Acquisition Company, LLC, is a limited liability company organized, existing and doing business under and by virtue of the laws of Delaware, with its principal place of business located at 1209 N. Orange St., Wilmington, DE  19801-1120.  Suitable Acquisition Company, LLC is wholly owned by Providence.

9.     Defendant Bay Bridge Capital Partners, LLC, is a limited liability company organized, existing, and doing business under and by virtue of the laws of the state of Delaware, with its principal place of business located at 2175 Salk Avenue, Suite 300, Carlsbad, CA 92008.

10.   Defendant GI Plum Fund B Blocker LLC, is a limited liability company organized, existing and doing business under and by virtue of the laws of Delaware, with its principal place of business located at 2711 Centerville Rd., Suite 400, Wilmington, DE  19808-1645.

11.   Defendant GI Plum Fund B AIV LP, is a limited liability company organized, existing and doing business under and by virtue of the laws of Delaware, with its principal place of business located at 188 The Embarcadero, Suite 700, San Francisco, CA  94105-1247.

12.   Defendant GI GP IV L.P., is a limited partnership organized, existing and doing business under and by virtue of the laws of Delaware, with its principal place of business located at 2180 Sand Hill Rd., Suite 210, Menlo Park, CA  94025.

13.  Defendant GI Plum Holdings LLC, is a limited liability company organized, existing and doing business under and by virtue of the laws of Delaware, with its principal place of business located at 2711 Centerville Rd., Suite 400, Wilmington, DE  19808-1645.

14.  Defendant New Sisu Holdco, LLC, is a limited liability company organized, existing and doing business under and by virtue of the laws of Delaware, with its principal place of business located at 2175 Salk Avenue, Suite 300, Carlsbad, CA 92008.  New Sisu Holdco, LLC is wholly owned and/or managed by Bay Bridge Capital Partners, LLC.

15.  Defendant GI Partners Acquisitions LLC, is a limited liability company organized, existing and doing business under and by virtue of the laws of Delaware, with its principal place of business located at 200 Bellevue Parkway, Suite 210, Wilmington, DE  19809-3709.

16.  Defendants Providence and Suitable Acquisition Company, LLC (the Providence Parties); Bay Bridge Capital Partners, LLC; GI Plum Fund B Blocker LLC; GI Plum Fund B AIV LP; GI GP IV L.P.; GI Plum Holdings LLC; New Sisu Holdco, LLC; and GI Partners Acquisitions LLC (the Plum Parties) are, and at all times herein have been, engaged in commerce, as "commerce" is defined in Section 1 of the Clayton Act as amended, 15 U.S.C. §12. Defendants, among other things, are engaged in the operation of skilled nursing facilities and the provision and sale of skilled nursing facility services.

IV.

DEFINITIONS

17.  "Skilled Nursing Facility" means a health facility or a distinct part of a hospital which provides continuous skilled nursing care and supportive care to patients whose primary need is for availability of skilled nursing care on an extended basis, as set forth in Cal. Code Regs., tit. 22, § 72103. It provides 24-hour inpatient care and, as a minimum, includes physician, skilled nursing, dietary, pharmaceutical services and an activity program.

V.

THE PROPOSED ACQUISITION

18.  On February 25, 2021, Defendants entered into an agreement ("Merger Agreement") wherein Providence is to acquire a number of Skilled Nursing Facilities from the Plum Parties for

3

1   approximately $123,400,000 in cash (the "Acquisition"). The surviving entity is to be called

2   Providence.

3                                              VI.

4                                THE RELEVANT MARKET

5          19.  For the purposes of this Complaint, the relevant line of commerce in which to analyze

6   the effects of the Acquisition is the provision of Skilled Nursing Facility services.  Skilled

7   Nursing Facilities provide intermediate levels of care for patients who do not require the full

8   capabilities of an acute care hospital, but whose medical needs are sufficiently complex that they

9   require 24-hour care and cannot be safely discharged home or treated on an outpatient basis.

10  These patients are typically, but not universally, older, and can generally be grouped into one of

11  two categories.  "Rehabilitation" patients, who are usually recovering from an accident or major

12  surgery, expect to stay in a Skilled Nursing Facility on a short-term basis – usually thirty days or

13  less before going home.  They often receive "skilled care" consisting of physical or occupational

14  therapy or medications administered by licensed nursing staff.  "Custodial" patients are patients

15  whose health care needs are sufficiently severe that they are unlikely to ever be able to return

16  home.

17         20.  The relevant geographic market for the provision of Skilled Nursing Facility services

18  is defined by the distance patients are willing and/or able to travel to receive Skilled Nursing

19  Facility services, and is thus local in nature. Because Skilled Nursing Facility patients often wish

20  to receive visits from family or friends, these patients are typically unwilling to reside in facilities

21  located far from their communities.

22         21.  The relevant geographic markets within which to assess the competitive effects of the

23  proposed merger in California include, but are not necessarily limited to, the market for Lakeport,

24  California.

25                                             VII.

26                            THE STRUCTURE OF THE MARKET

27         22.  The market for the provision of Skilled Nursing Facility services is highly

28  concentrated, at least, in Lakeport, California as measured by the Herfindahl-Hirschman Index

                                                4

("HHI"). The combined firm would have a market share that equals 100 percent in that relevant geographic market, alone. The Acquisition would significantly increase concentration in the relevant market, leaving Providence as the dominant, and only, provider of Skilled Nursing Facility services.

23. The Providence Parties and Plum Parties are actual and substantial competitors in the relevant market.

24. There are significant barriers to entry into the relevant market.

25. New entry into the relevant markets sufficient to deter or counteract the anticompetitive effects described in Paragraph 22 is unlikely to occur, and would not occur in a timely manner because it would take more than two years to enter and achieve significant market impact.

VIII.

FIRST CLAIM FOR RELIEF

26. Plaintiff repeats and realleges paragraphs 1 through 25 hereof.

27. The Providence Parties and Plum Parties are competitors in the provision of Skilled Nursing Facility services in California.

28. The effect of the proposed transaction, if consummated, may be substantially to lessen competition in the provision of Skilled Nursing Facility services in violation of Section 7 of the Clayton Act, as amended, 15 U.S.C. § 18, in the following ways:

    a. eliminating actual, direct, and substantial competition between the Providence Parties and the Plum Parties in the relevant product market and relevant geographic market for the provision of Skilled Nursing Facility services;

    b. increasing the ability of the merged entity to unilaterally raise prices of Skilled Nursing Facility services;

    c. reducing incentives to improve service or product quality in the relevant markets; and

    d. Eliminating the Plum Parties as a substantial and independent competitor in the relevant product market and geographic market.

5

29.  The merger of the Providence Parties and the Plum Parties, as alleged herein, violates section 7 of the Clayton Act (15 U.S.C. § 18).

IX.

SECOND CLAIM FOR RELIEF

30.  Plaintiff repeats and realleges paragraphs 1 through 29 hereof.

31.  Such conduct constitutes a contract, combination or conspiracy in restraint of trade in violation of Section 1 of the Sherman Act, 15 U.S.C. §1.

X.

THIRD CLAIM FOR RELIEF

32.  Plaintiff repeats and realleges paragraphs 1 through 29 and 31 hereof.

33.  By performing the acts alleged above, defendants and each of them have engaged in and will continue to engage in unfair and unlawful trade practice in violation of the California Unfair Competition Act, California Business and Professions Code § 17200 et seq.

PRAYER FOR RELIEF

Wherefore, Plaintiff prays judgment as follows:

A.      That the merger between the Providence Parties and Plum Parties be adjudged to be in violation of Section 7 of the Clayton Act and Section 1 of the Sherman Act and section 17200, et seq. of the California Business and Professions Code;

B.      That a preliminary injunction be issued against defendants preventing and restraining each of them, and all other persons acting on their behalf, from taking any action, either directly or indirectly, in furtherance of the proposed merger of the Providence Parties and Plum Parties and requiring the Plum Parties to hold and operate separately from the Providence Parties all of the Plum Parties' California assets and business pending final adjudication of the merits of this action; and

C.      An award of costs of suit, including reasonable attorneys' fees and costs;

D.      That plaintiff have such other and further relief as the Court deems just and proper.

6

1    Dated:  September 21, 2021                      Respectfully submitted,

2                                                    ROB BONTA
                                                     Attorney General of California
3                                                    EMILIO VARANINI
                                                     Supervising Deputy Attorney General
4

5                                                    /s/ Justin Lowe_____
                                                     JUSTIN J. LOWE
6                                                    David Houska
                                                     Deputy Attorneys General
7                                                    Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                      7